[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The plaintiff appeals from the decision of the defendant, Commissioner of Motor Vehicles, suspending his license for having operated a motor vehicle while under the age of twenty-one with a blood alcohol content of greater than .02%. See General Statutes §§ 14-227b (g)(3) and (n) (3); (Return of Record ("ROR"), Findings of Fact and Conclusions of Law, ¶¶ 3, 4).[1] The hearing officer found that "[t]he police officer had probable cause to arrest the plaintiff for a violation specified in Section (b) of C.G.S. 14-227b." (ROR, Findings of Fact and Conclusions of Law, ¶ 1.)[2] Because the violation to which the hearing officer was referring is not clear, the court remands this case to the agency for further proceedings.
It does not appear that the hearing officer found that there was probable cause to believe that the plaintiff had violated § 14-227a. Although there was some evidence that the plaintiff operated a motor vehicle after having consumed alcohol, the arresting officer testified that he did not have probable cause to believe that the plaintiff "was over .10," a phrase that refers to the blood alcohol limit provided for in General Statutes § 14-227a. (ROR, Transcript, p. 14.)[3]
Further, the hearing officer's questions and comments suggest that he was focusing not on whether there was probable cause for § 14-227a, but rather whether there was probable cause for § 14-227g. (ROR, Transcript, p. 10.)[4]
If, however, the hearing officer found that there was probable cause for a violation of § 14-227g and that § 14-227g was the "violation specified in Section (b) of C.G.S. 14-227b," significant legal issues would arise. Section 14-227g is not one of the offenses specifically referred to in §§ 14-227b (b) and (g) to which the Commissioner's suspension authority applies.[5] It is unclear whether there is any authority for suspending an operator's license when the CT Page 16755 person is arrested for § 14-227g unless he is also convicted of that offense.[6] The record, however, indicates that the commissioner suspended the plaintiff's license due to the test results, not a conviction. (ROR, Findings of Fact and plaintiff's license due to the test results, not a conviction. (ROR, Findings of Fact and Conclusions of Law, ¶¶ 3, 4.) Under these circumstances, this court cannot conclude, without further clarification, that the hearing officer found there was probable cause for a violation of § 14-227g.
"[W]hen a trial court concludes that an administrative agency has made invalid or insufficient findings, the court must remand the case to the agency for further proceedings if the evidence does not support only one conclusion as a matter of law." Adriani v. Commission on Human Rights Opportunities, 220 Conn. 307, 329 n. 21, ___ A.2d ___ (1991). This court cannot say at this point that the evidence supports only one conclusion as a matter of law. Accordingly, the court remands this case to the defendant with direction to identify' the "violation specified in Section (b) of C.G.S. 14-227b" referred to in the first finding of fact and conclusion of law and provide any further clarification deemed appropriate.
It is so ordered.
Carl J. Schuman Judge, Superior Court